The Chicago and Atlantic Railway Company *v.* Derkes *et al.*

No. 11,370.

THE CHICAGO AND ATLANTIC RAILWAY COMPANY *v.*
DERKES ET AL.

CONTRACT.—*Acceptance.*—*Performance.*—*Consideration.*—*Mutuality.*—Where
a contract is signed by one only of the contracting parties, but is accepted by the other party, and affirmative acts constituting the consideration thereof are performed by the latter, it is the mutual and binding contract of both.

RAILROAD.—*Contract.*—*Consideration.*—Where parties, in consideration of
the benefits which will accrue to them by the construction of a railroad through a certain county and town, bind themselves in a sum sufficient to pay for the right of way across the county, they can not, after the road is so constructed, claim want or inadequacy of consideration to defeat the contract.

SAME.—*Ultra Vires.*—One who has received from a corporation the full
consideration of his agreement to pay money, can not avail himself of the objection that the contract is *ultra vires.*

From the Adams Circuit Court.

J. S. *Slick* and W. O. *Johnson,* for appellant.

D. *Studabaker,* R. S. *Peterson,* E. A. *Huffman,* J. T. *France,*
W. J. *Vesey* and J. T. *Merryman,* for appellees.

HOWK, J.—The error assigned by the appellant Railway
Company, the plaintiff below, upon the record of this cause,
is this: " The court erred in sustaining the demurrer of appellees to the first, second, fifth, sixth, seventh and eighth paragraphs of appellant's complaint, and to each of such paragraphs separately and severally."

As to each of such paragraphs of complaint, the only
ground of demurrer assigned by the appellees was that it did
not state facts sufficient to constitute a cause of action. Afterwards, and before the filing of the subsequent paragraphs, the
record shows that the appellant dismissed its third and fourth
paragraphs of complaint.

The suit was against the appellee Derkes, and thirty-two
other defendants, all of whom are named as appellees in this
court. Each of the paragraphs of complaint, remaining in

the record after the dismissal as aforesaid of the third and fourth paragraphs, counted upon a written instrument executed, as alleged by each and all of the appellees, a copy of which instrument was filed with and made part of each paragraph of complaint. Omitting the names of the appellees subscribed thereto, this written instrument was in the words and figures following, to wit:

" In consideration of the benefits that will accrue to us in the location and construction of the Chicago and Atlantic Railway through the county of Adams, in the State of Indiana, by way of and through the town of Decatur, in said Adams county, in the State of Indiana, we whose names are hereto attached, hereby acknowledge ourselves bound unto the Chicago and Atlantic Railroad Company in a sum sufficient to pay for the right of way across said Adams county, as mentioned aforesaid, this bond to include the right of way already contracted for and that hereafter to be contracted for, or appropriated ; this bond, however, not to include switches or depot grounds, for all of which we jointly bind ourselves: *Provided*, always, that this instrument is not to be binding, unless signed by at least thirty responsible citizens of said Adams county.

" In witness whereof we have hereunto set our hands and seals this 11th day of August, 1881."

In the first paragraph of its complaint the appellant alleged that it was a corporation, organized under the laws of this State, and that on the 11th day of August, 1881, and prior thereto, it was contemplating the construction of a railroad through the State of Indiana to Marion, in the State of Ohio, but had not then determined whether or not the line so contemplated should pass through the town of Decatur, in Adams county, Indiana, or some point south thereof; that for the purpose of securing the location, construction and operation of such railroad through Adams county, and to and through the town of Decatur, so that it would become a station on such line, the appellees then and since citizens of such county,

and each owners of real and personal property in the county which would be benefited by the construction of such road, executed to the appellant their bond, a copy of which was made part of such paragraph; that such bond was duly signed by more than thirty responsible citizens of Adams county prior to its delivery to appellant; that, relying upon such bond, and being induced thereby, appellant constructed its railroad through Adams county, making the town of Decatur a point on its line, at a cost greater than it would have incurred had it adopted a line south thereof, and, for that purpose, was compelled to and did procure the right of way through Adams county as cheaply as the same could be reasonably procured; that the necessary cost of such right of way through Adams county, exclusive of switches and depot grounds, paid by appellant up to July 30th, 1883, was the sum of $9,131.95, all of which sum was necessarily paid at different times to the various land-owners through whose lands such railroad passed in Adams county, and for a more specific statement of persons, amounts and dates of such payments, reference was made to exhibit "B," filed with and made part of such paragraph of complaint; that the sums so paid by appellant for the purpose of procuring such right of way, with interest thereon from dates of several payments, amounted to $12,000, no part of which had ever been paid by appellees, or either of them, and the whole of such sum, with interest, was then due; that relying upon the obligation of such bond, appellant necessarily paid out such sum of money for such right of way, and located, constructed and fully equipped its railway thereon, through the county of Adams, by way of and through the town of Decatur therein, making it a point and station upon such line; that by means of the premises, an action had accrued to appellant to recover of the appellees the aforesaid sum of money; and that, although appellant had duly demanded such sum of money of the appellees, yet they had hitherto wholly failed, neglected and refused to pay the same. Wherefore, etc.

The second, fifth, sixth, seventh and eighth paragraphs of the complaint each state, substantially, the same facts, in different language and phraseology, as those stated in the first paragraph, and additional facts are alleged in some of those paragraphs. But these additional facts are not material to the questions we are required to consider and decide in this case, and need not, therefore, be further noticed.

We learn from the briefs of counsel that the appellees' demurrers to the several paragraphs of complaint, remaining in the record, were sustained by the circuit court upon two grounds, namely:

*First*. Because of the apparent want of mutuality in the contract or bond sued on ; and,

*Second*. Because the bond or contract in suit was not such an one as the appellant was lawfully empowered to make, but was *ultra vires*, and void.

The first of these objections to the contract or bond sued upon, namely, the want of mutuality therein, is certainly not well taken as to any one of the paragraphs of appellant's complaint, upon the facts therein stated. The contract or bond, when it was first executed, was what is sometimes called an unilateral contract, or a proposition merely from the appellees to the appellant. But when, as shown by the facts stated in each paragraph of complaint, such contract, bond or proposition, after its delivery by the appellees, was accepted by the appellant, and the affirmative acts on its part, called for and constituting the consideration of such contract, bond or proposition, were fully done, kept and performed by appellant, the appellees can not be heard to claim there is any want of mutuality in the instrument. So far as that question is concerned, the affirmative acts of the appellant done and performed, as alleged, upon the faith of such contract or bond, made it thenceforward the mutual, valid and binding contract of each and all of the contracting parties. This is settled by many decisions of this court. *Street* v. *Chapman*, 29

The Chicago and Atlantic Railway Company v. Derkes et al.

Ind. 142; *Smith* v. *Hollett*, 34 Ind. 519; *Fairbanks* v. *Meyers,* 98 Ind. 92; *Herrman* v. *Babcock, ante,* p. 461.

Under the facts stated in each of the paragraphs of com-- plaint, admitted to be true as the case is now presented, the appellees can not say that the contract or bond in suit is not. supported by a sufficient consideration. The bond itself re- cites the consideration upon which the appellees bind them- selves to pay for appellant's right of way across Adams county; and the averments of each paragraph of complaint show that the appellant had done and performed every act and thing stipulated for, in such bond, by the appellees, in order to secure to them the benefits in consideration of which they executed the bond. It is shown in each paragraph of the complaint, that, by and through the affirmative acts of the appellant upon its faith in the bond sued on, the appel- lees received all the consideration they stipulated for; and, in such case, they are in no position to successfully claim either that they received no consideration, or that the con- sideration was inadequate to support the bond. Where par- ties get all the consideration they voluntarily and knowingly contract for, it is well settled that they will not be allowed to say they received no consideration. *Baker* v. *Roberts,* 14 Ind. 552; *Smock* v. *Pierson,* 68 Ind. 405 (34 Am. R. 269); *Williamson* v. *Hitner,* 79 Ind. 233; *Shade* v. *Creviston,* 93 Ind. 591. The rule is almost elementary, that where parties get all the consideration they bargained for, they can not be heard to complain of the want or inadequacy of the consid- eration.

2. But it is claimed that the contract or bond in suit was not such an one as the appellant railway company was au- thorized by law to accept and become a party to, but that it was *ultra vires* and void. Upon the facts stated in each par- agraph of complaint, and admitted to be true by appellees' demurrers, we are not favorably impressed with their posi- tion. The appellees admit, as the case is presented here, that they executed to the appellant the bond or contract sued

upon, and that the appellant relying upon such bond or contract, and believing that appellees would do what they bound themselves to do, located and constructed its line of railway through Adams county, by way of and through the town of Decatur. After they have thus obtained from appellant all that they bargained for, they seek to escape liability on their bond or contract upon the ground that the appellant was not authorized by law to become a party thereto, and that, as to it, such bond or contract was *ultra vires* and void. Without deciding whether or not it was within the corporate power of the railway company to become a party to such bond or contract, we are clearly of the opinion that, after full performance by the company of the stipulations of such bond or contract, on its part to be done and performed, and after the appellees have received in full the benefits they bargained for, they can not be permitted to escape or avoid the obligation of their contract, upon the ground that the company had possibly exceeded its corporate power, or that such contract, as to it, was possibly *ultra vires* and void. This question was before this court in *State Board, etc.,* v. *Citizens Street R. W. Co.,* 47 Ind. 407 (17 Am. R. 702), where the railway company sought to escape liability on its contract to pay money, upon the ground that the contract was *ultra vires* and void. The court there said: " It is not claimed in the case under consideration that there was any statute by which the street railway company was prohibited from entering into the contract in question, or, in other words, that in making the contract that company violated any statute by which the act was prohibited. All that is claimed is, that there was a want of power on the part of the corporation to bind itself by the contract. It is fully shown on the part of the plaintiff, that the State Board of Agriculture performed the contract on its part. The street railway company has thus received the benefits and advantages of the contract, but seeks to avoid paying the consideration promised, because it had not the legal power to contract for the benefits which it has actually received. In our

opinion, the street railway company is not at liberty to assume this position." To the same effect, substantially, are the following cases: *Sturgeon* v. *Board, etc.*, 65 Ind. 302; *Poock* v. *Lafayette Building Ass'n*, 71 Ind. 357; *Bicknell* v. *Widner School Tp.*, 73 Ind. 501.

In *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62 (20 Am. R. 504), the court say: "The plea of *ultra vires* should not as a general rule prevail, whether interposed for or against a corporation, when it would not advance justice, but on the contrary would accomplish a legal wrong. * * * One who has received from a corporation the full consideration of his engagement to pay money, either in services or property, can not avail himself of the objection that the contract thus fully performed by the corporation was *ultra vires*, or not within its chartered privileges and powers. It would be contrary to the first principles of equity to allow such a defence to prevail in an action by the corporation." This language, we think, is forcibly applicable to the case in hand, and meets our full approval. See, also, Pierce Railroads, p. 515, *et seq.*, and Green's Brice's Ultra Vires, p. 729, n. *a*.

Our conclusion is, that the court erred in sustaining appellees' demurrers to each of the paragraphs of appellant's complaint.

The judgment is reversed with costs, and the cause is remanded with instructions to overrule the demurrers to each paragraph of complaint, and for further proceedings not inconsistent with this opinion.

Filed Nov. 6, 1885.