## Everitt, Seedsman, v. Indiana Paper Company.

[No. 2,932.   Filed May 11, 1900.   Rehearing denied Oct. 3, 1900.]

Contracts.—*Construction.*—*Evidence.*—Plaintiff entered into a contract to furnish defendant a certain quantity of paper to match the paper of an old catalogue for quality, finish and appearance, the "weight to be on the basis of 37x48, 53 lbs., 500 sheets." There was evidence that the paper met the requirement as to quality, finish, and appearance, but there was a conflict as to whether the paper furnished reached the weight required by the contract. There was no evidence that any of it fell below fifty pounds, and there was evidence that it is impossible to make all sheets alike in weight, and that fifty pound paper would print just as good a job as fifty-three pound paper, and unless the paper was put on the scales the difference would not be known. *Held,* that the evidence showed a substantial compliance with the contract.  *pp. 287-290.*

Appeal and Error.—*Evidence.*—*Objections.*—Only the grounds of objection presented to the trial court can be considered on appeal as against the ruling of the court.  *p. 290.*

Evidence.—*Contracts.*—*Customs and Usages.*—In an action on a contract to furnish a certain quantity of paper the "weight to be on basis of 37x48, 53 lbs., 500 sheets," evidence that such specification had a particular meaning to the paper trade, and that it was the usage, where a weight is specified, to include the weight of wrappings necessary safely to transport it, unless otherwise specified in the contract, was admissible as an aid in the interpretation of the contract.  *pp. 290-293.*

From the Marion Superior Court.   *Affirmed.*

*J. E. Florea* and *G. Seidensticker,* for appellant.

*R. O. Hawkins* and *H. E. Smith,* for appellee.

Robinson, J.—Appellee sued upon the following agreement: "Order from J. A. Everitt, Seedsman.  Indianapolis, Ind., Nov. 9, 1895.   To Indiana Paper Co.  P. O. City.   Deliver to our printers, as instructed with later specifications.  [Signed] J. A. Everitt, Seedsman.  53,000 lbs. book paper at $3.75 per cwt.

"This paper is to match the paper in our 1894 catalogue for quality, finish, and appearance, except the color is to be white like sample attached marked 'J. A. E.' and attached

to this copy marked 'C. E. G.' Weight to be on basis of 37x48 53 lbs., 500 sheets. Specifications for size will be given early next week. Delivery to be made one-half Dec. 10th or before, one-half Jan. 1st or before. Terms, ninety days.

"Accepted. Indiana Paper Co., per Claude E. Geisendorff, 'C. E. G.,' 'J. A. E.' Match as nearly as possible for color."

It is averred that after a part of the paper was furnished, appellant refused to accept any more, and refused to pay for the part delivered; that appellee then had on hand a quantity of the paper which it had caused to be manufactured especially to fill this contract and which was, because of its size and quality, unmerchantable.

Appellant answered, general denial, payment, and special defense that appellant, desiring to publish a catalogue for 1896, appellee represented it would furnish the same kind of paper used in the 1894 catalogue, and in consideration of such representations appellant entered into the written agreement sued on and thereby purchased from appellee 53,000 pounds of white book paper of the same kind, class, grade, and quality that was used in its 1894 catalogue; that appellee knew the purpose for which the paper was to be used, and undertook that every fifty-three pounds delivered should make 500 sheets of paper thirty-seven by forty-eight, no more no less; that the paper appellant used was delivered to its printers and used by them before it learned of its quality, but immediately upon learning of the quality and weight notified appellee not to deliver any more of that quality but to deliver the paper purchased, which appellee failed to do; that 500 sheets would not weigh fifty-three pounds, was unfit for appellee's use, and worth not to exceed $2.50 per hundred weight; that appellant was compelled to go into the market and pay $4.60 per hundred weight for paper to complete its catalogue, causing appellant a loss in a named sum, for which judgment is asked.

Upon a trial by the court appellee had judgment. Motion for a new trial overruled. The only questions discussed arise on this ruling.

The contract must be construed as a whole. The contract calls for 53,000 pounds of paper to match the paper in the 1894 catalogue for "quality, finish and appearance except the color", but this must be taken in connection with that part of the contract which says, "weight to be on basis of 37x48, 53 lbs., 500 sheets. The contract does not necessarily mean that the paper shall be like the sample in weight. The quality, finish, and appearance are to be gathered from the sample, and we can only conclude that the parties did not intend that the weight should be so determined, because they made distinct provision for determining that in another way.

We can not read into the contract the word "net" immediately after "53,000 lbs. book paper", as argued by counsel. That term, in commercial transactions, has a fixed and definite meaning. *Scott* v. *Hartley,* 126 Ind. 239.

The evidence upon some questions in issue was conflicting. This evidence we can not weigh. Whether there was a substantial compliance with the contract by appellee was a question to be determined from all the evidence. The contract required the paper to match the paper of the old catalogue for quality, finish, and appearance. There is evidence that the paper furnished by appellee did this. There was a conflict as to whether the paper furnished reached the weight required by the contract. Appellant required that the weight should not exceed fifty-three pounds, and there is no evidence that it did. There is no evidence that any of it fell below fifty pounds. There is evidence that it is not possible to make all sheets alike in weight, and that fifty pound paper would print just as good a job as fifty-three pound paper, and unless the paper was put on the scales the difference would not be known. We can not say that there is no evidence from which the court could say that

there had been a substantial compliance with the contract by appellee.

Appellant argues that appellee was permitted, over objection, to contradict the terms of the written contract by showing a usage in the paper trade as to the manner of weighing paper like that in question, and that such usage was not pleaded. No objection was made to the introduction of this evidence on the ground that it was not within the issues presented by the pleadings, but the ground of objection was that the evidence tended to contradict a written contract. But, as stated by the trial court at the time, the evidence was admitted not to contradict the contract, but as an aid in its interpretation by applying the usage of the particular business to the construction of the contract. Only the grounds of objection presented to the trial court can be considered on appeal.

It was shown in evidence that "53,000 lbs. book paper, weight to be on basis 37 x 48, 53 lbs., 500 sheets" has a particular meaning peculiar to the paper trade; that such an order means 1,000 reams of fifty-three pounds to the ream; and that it was the usage, where a weight is specified, to include the weight of wrappings necessary safely to transport it, unless otherwise specified in the contract. The evidence of a number of witnesses experienced in the paper business, that such a usage exists, was not contradicted. As it was shown that the above provision has a particular meaning always used, it is presumed the contract was made with reference to that meaning. It can not be said that the evidence contradicts the express terms of the contract. The record shows that the evidence was admitted for the purpose of showing what was meant by the terms used—not to contradict the contract but as an aid in its interpretation by applying the rules of the particular business.

Nor can it be said that such a usage is unreasonable, contrary to law, or opposed to public policy. In *Morningstar* v. *Cunningham*, 110 Ind. 328, it is said: "Parties who are

engaged in a particular trade or business, or persons accustomed to deal with those engaged in a particular business, may be presumed to have knowledge of the uniform course of such business. Its usages may, therefore, in the absence of an agreement to the contrary, reasonably be supposed to have entered into and formed part of their contracts and understandings in relation to such business, as ordinary incidents thereto. *East Tennessee, etc., R. Co.* v. *Johnston,* 75 Ala. 596, 51 Am. Rep. 489; *Mooney* v. *Howard Ins. Co.,* 138 Mass. 375, 52 Am. Rep. 277; *Florence Machine Co.* v. *Daggett,* 135 Mass. 582; *Fitzsimmons* v. *Academy, etc.,* 81 Mo. 37; *Cooper* v. *Kane,* 19 Wend. 386; *Kelton* v. *Taylor,* 11 Lea (Tenn.) 264, 47 Am. Rep. 284, 7 C. L. J. 383."

There was evidence tending to show that appellant had knowledge of the usage in question. Mr. Everitt testified that he had "had considerable experience and quite varied experience in purchasing paper". From this evidence, and the fact that he did not deny knowledge of such a usage, the court might conclude that he had such knowledge.

It can not be said of the contract that it was so plain in its terms as to the manner of weighing the paper that there could be but one conclusion. The total weight was to be "on the basis" of "37x48, 53 lbs., 500 sheets."

In *Walls* v. *Bailey,* 49 N. Y. 464, a party who had contracted in writing to do certain plastering at so much per square yard charged for the full surface of the walls without deduction for doors and windows and the like, and to support such charges he was allowed to prove a custom of plasterers in the city so to measure and charge.

In *Wilcox* v. *Wood,* 9 Wend. 346, proof of a local custom, that a lease from the first day of May in one year to the first day of May in the succeeding year expires at noon of the last day, was held admissible.

In *Lowe* v. *Lehman,* 15 Ohio St. 179, where a party contracted to furnish and lay brick by the thousand, a local

custom as to how the number should be estimated was held not unreasonable.

In *Ford* v. *Tirrell*, 9 Gray 401, a contract to build a cellar wall at a certain price per foot, evidence of the usage of measuring such walls was admitted.

In *Barton* v. *McKelway*, 22 N. J. L. 165, under a contract to deliver trees not less than one foot high, it was held proper to show a usage of all dealers that the length was measured only to the top of the ripe wood, rejecting the green, immature top. See, also, *Soutier* v. *Kellerman*, 18 Mo. 509; *Lyon* v. *Culberlson*, 83 Ill. 33, 25 Am. Rep. 349; *Smith* v. *Clews*, 114 N. Y. 190, 11 Am. St. 627, 21 N. E. 160, 4 L. R. A. 392; *Susquehanna, etc., Co.* v. *White*, 66 Md. 444, 7 Atl. 802, 59 Am. Rep. 186; *Merick* v. *McNally*, 26 Mich. 374; *Featherston* v. *Rounsaville*, 73 Ga. 617; *Parks* v. *O'Connor*, 70 Tex. 377, 8 S. W. 104; *Lane* v. *Union Nat. Bank*, 3 Ind. App. 299; *Scott* v. *Hartley*, 126 Ind. 239; *Van Camp, etc., Co.* v. *Hartman*, 126 Ind. 177.

It is well settled that usage can not be set up to contradict a contract. "But when there is nothing in the agreement to exclude the inference, the parties are always presumed to contract in reference to the usage or custom which prevails in the particular trade or business to which the contract relates; and the usage is admissible for the purpose of ascertaining with greater certainty what was intended by the parties." *Hinton* v. *Locke*, 5 Hill 437.

Appellee sued upon the contract as made. When it is shown that the usage exists, it is presumed that the contract was made with reference to it. It is not sought to contradict or vary the contract by the usage, but to interpret it according to the usage which the parties are presumed to have had in mind when the contract was made. The usage itself was incorporated in and became a part of the contract sued on. *Drudge* v. *Leiter*, 18 Ind. App. 694, 63 Am. St. 359; *Lyon* v. *Lenon*, 106 Ind. 567; *Leiter* v. *Emmons*, 20 Ind. App. 22; *Reissner* v. *Oxley*, 80 Ind. 580.

It is further argued by counsel that the amount of recovery is erroneous, the same being too large. It is unnecessary to set out the evidence bearing upon this question. Suffice it to say there is evidence to sustain the court's finding in the amount named and for which judgment was rendered. Leaving out any question of interest, there is evidence to sustain the finding. From the whole record we think the case was properly decided upon its merits. Judgment affirmed.