# KIMM v. WOLTERS.

At the time of closing a sale of land, in July, 1906, in pursuance of a contract, which was silent as to who should pay the taxes for 1906, a note was given by the purchaser as part of the consideration, in the ordinary form, payable March 1, 1907, with interest from maturity, "less tax on land for 1906." The note was drawn by the same draughtsman at the same time with the other papers relating to the transfer, in the presence of both parties, in connection with something that was said about the vendor's taking the crop for the current year and paying the taxes. **Held,** that a contract being explainable under Civ. Code, § 1256, by reference to the circumstances under which it was made, the quoted clause in the note amounted to an agreement by the vendor to pay the taxes referred to, entitling the purchaser, on paying the full amount of the note, to recover the taxes from the vendor.

The note when accepted by the vendor, though not signed by him, was binding on him as a sufficient modification of the prior contract, or as a new contract, within Civ. Code, § 1287, providing that a written contract may be altered by a contract in writing.

The note being in writing, the payee's contract to pay the taxes was presumably based on a consideration under Civ. Code, § 1232, providing that a written instrument is presumptive evidence of a consideration.

Secondary evidence as to the nature of a written contract for the sale and purchase of land is not competent, in the absence of proof of loss or destruction of the original instrument, or other inability of the party to produce it.

Error in the admission of secondary evidence as to the nature of a written contract for the sale and purchase of land is harmless, where the original contract is itself put in evidence.

Under Civ. Code, § 1239, which provides that the execution of a contract in writing, whether required by law to be written or not, supersedes all oral negotiations which preceded its execution, evidence as to an agreement between the parties made prior to the original contract is inadmissible to vary the terms of the written contract.

Evidence of an agreement between parties preceding their execution of a written contract covering the subject of such agreement was admissible to show the circumstances connected with the original contract, and to enable the court to construe a clause in the contract which without such evidence was ambiguous.

Where parol evidence is admissible to enable the court to construe an ambiguous clause in a written contract, the failure to instruct as to the purpose of its admission is not reversible error, where the jury, under other instructions, could not have been misled by such evidence.

The error in instructing that parties could modify their written contract by a parol agreement, and that no new consideration was necessary, was harmless, where the modification in issue was in writing, and hence was by statute presumably on consideration.

Where no motion was made by plaintiff to strike out alleged improper remarks of defendant's counsel, and there was no ruling of the court, there is nothing before the appellate court for review.

(Opinion filed, November 14, 1911.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by Gustave H. Kimm against O. W. Wolters. Judgment for plaintiff, and defendant appeals. Affirmed.

*O. S. Hagen,* for appellant.  *W. A. Lynch,* for respondent.

CORSON, J. This is an appeal by the defendant from the judgment of the circuit court in favor of the plaintiff and order denying a new trial. The action was instituted by the plaintiff to recover the amount of taxes paid by him, which he in his complaint alleges was agreed to be paid by the defendant, but which the defendant neglected and refused to pay. It is alleged in the complaint, in substance, that in the spring of 1906 the plaintiff purchased from the defendant a tract of 480 acres of land lying in Beadle county; that in consideration that the said defendant was to have the use and occupation of said land up to March, 1907, he agreed to pay the taxes levied on said land for the year 1906, when the same accrued and before the same should become delinquent; that the tax so levied and assessed against said property was the sum of $59.58; that in violation of said agreement the defendant neglected to pay said taxes; that, in order to prevent the land from being sold for said taxes, the plaintiff on June 13, 1907, paid the same with interest amounting to $61.96; and that by reason of the failure of the defendant to pay said taxes the plaintiff sustained damages in the sum of $61.96, for which he demands judgment. The defendant in his answer denies every material allegation contained in said complaint and alleges that in April, 1906, the plaintiff purchased the premises in question, and that a contract in writing was then entered into between the parties embodying said agreement; that on July 5th, the same year, the

defendant in compliance with said written agreement delivered to the plaintiff deeds of conveyance for said premises; that, according to the agreement entered into between the plaintiff and defendant at the time of purchase, the defendant was to deliver up possession of said premises after September 1, 1906, and before March 1, 1907; that the defendant never agreed to pay any taxes levied on said premises for the year 1906; but that by virtue of the statute in such case made and provided it was incumbent upon the plaintiff to pay the same. The case was tried by the court with a jury which returned a verdict in favor of the plaintiff. The amount involved in this controversy is comparatively small, but the principles of law inolved are are quite important. Numerous errors are assigned; but in the view we take of the case it will only be necessary to consider and discuss certain assignments in the admission of evidence and errors alleged in the instruction of, the court to the jury.

It is disclosed by the evidence that in April, 1906, the plaintiff entered into a written contract with the defendant for the purchase of 480 acres of land in Beadle county; that in that contract no reference was made to the taxes for the year 1906; that on the 5th of July the defendant executed deeds for the property; and that the plaintiff executed certain notes secured by mortgages on the same, and also a note for $1,000 hereinafter referred to.

The plaintiff as a witness in his own behalf was shown the paper marked "Exhibit I," and asked if that was the note which contained the agreement to pay taxes by Wolters, to which he answered: "This is the note. It was delivered in connection with the mortgage and other notes executed in pursuance of this original contract. He took this note, Exhibit I, with him when he left Mr. Null's office. I signed it in presence of Mr. Wolters. This note was executed in payment of the contract for the land." The witness further testified: "I paid it several days before it was due" at the bank where it was left for collection. "At the time I paid the note I did not take out the taxes from the note."

On cross-examination he testified: "I went to his (Wolters') place and agreed on the price. Afterwards we entered into a written agreement. We went to Mr. Null and had him draw up the contract, and the agreement was talked over between us, and Mr. Null drew up the contract accordingly, and read this paper (contract) to us and we signed it."

Mr. Null, being called as a witness for the plaintiff, testified in substance: That when making out the deeds, mortgages, etc., in July, 1906, there was something said about taxes for the current year, about Mr. Wolters taking the crop that year, and that he prepared the note, inserting the clause into it as to taxes; that it must have been with the knowledge and consent of both parties, as they were both present.

The note was then offered in evidence and was objected to on several grounds, among which were that it was not an agreement on the part of Wolters, not being signed by him, and that there was no consideration for the promise alleged to have been made on the face of the note. The objection was overruled and the note admitted, the material parts of which read as follows: "On or before the first day of March, 1907, without grace, I promise to pay to the order of O. W. Wolters, one thousand dollars, value received, with interest at the rate of 6 per cent cent. per annum, from maturity until paid, *less tax on land for* 1906. * * *"

[1] We are of the opinion that the objection to the introduction of the note in evidence was properly overruled by the court. The clause in the note "less tax on land for 1906" constituted in effect an agreement by the defendant to pay the taxes assessed upon the land for that year, when read in connection with the circumstances and contracts made between the parties, and constitutes a new and independent contract or a written modification of the original contract. Section 1256, C. C., provides: "A contract may be explained by reference to the circumstances under which it is made, and the matter to which it relates." The clause in the note, therefore, whether it be regarded as a modification of the original contract or as a new and independent agreement, bound the defendant to pay the taxes on the property conveyed, for the

year 1906, and rendered the defendant liable to the plaintiff for the amount of the taxes for that year so paid by him.

[2, 3] It is contended by the appellant that, the note not being signed by the defendant, and no new consideration being expressed therein for ·the agreement contained in the clause referred to, it is not binding upon the appellant. The law seems to be well settled, however, that a party accepting a note or contract containing a clause similar to the one in question is bound by the contract as effectually as though he had signed the same. In Am. & Eng. Enc. of Law, on page 142, vol. 7, the law applicable to this class of cases is thus stated: "Subject to the requirements of the statute of frauds a written instrument does not require the signature of all the parties to it. If signed by one and delivered to another, the latter may bind himself as fully by accepting the delivery as if he had attached his manual signature to the writing. Without signing a contract one may become bound by it if he recognizes and adopts its stipulations." The learned author of the text cites a large number of authorities in support of the same, among which are the following: Vogel v. Pekoc, 157 Ill. 339, 42 N. E. 386, 30 L. R. A. 491; Chicago, etc., Railway Co., v. Derkes, 103 Ind. 520, 3 N. E. 239; Muscatine Water Co. v. Muscatine Lumber Co:, 85 Iowa, 112, 52 N. W. 108; Carnegie Natural Gas Co. v. Philadelphia Co., 158 Pa. 317, 27 Atl 951; Brandon v. Morse, 48 Vt. 322; Cary v. McIntyre, 7 Colo. 173, 2 Pac. 916.

Section 1287, C. C., provides: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement and not otherwise."

Section 1232, C. C., provides: "A written instrument is presumptive evidence of a consideration." Heffleman v. Pennington Co., 3 S. D. 168, 52 N. W. 851; Corbett v. Clough, 8 S. D. 176, 65 N. W. 1074.

It will be observed by examination of the note introduced in evidence that the contract to pay the taxes on the part of the defendant, construed in connection with the facts and circumstances connected with the transaction, is in writing and in compliance

with the provisions of the Code above quoted, and being in writing is presumptive evidence of a consideration, and therefore the original contract was altered by a contract in writing, or perhaps, more properly speaking, the note constituted a new and independent contract between the parties for the payment of the taxes by the defendant.

[4, 5] On trial the plaintiff was permitted, over the timely objection of the defendant, to testify as to the nature of the original contract between the parties without the introduction of the original contract or showing of its loss or destruction, or the inability of the plaintiff to produce the same. This is assigned as error, and while such evidence is not competent in the absence of proof of loss of destruction of the original instrument, or the inability on the part of the party to produce it, and the court was in error in overruling the objection on the part of the defendant to the evidence, yet this error was cured by the introduction of the original contract in evidence by the defendant, without objection.

[6] It is further contended by the appellant that the court erred in permitting the plaintiff to testify, over the objection of the defendant as to the agreement between him and the defendant made prior to the original contract, that the defendant should pay the taxes on the property for the year 1906. This evidence was inadmissible for the purpose of varying or contradicting the terms of a written agreement under the provisions of section 1239, C. C., which provides: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

[7] But it was admissible for the purpose of showing the facts and circumstances connected with the original contract for the purpose of enabling the court to construe the clause in the note referring to the taxes which without proof of the circumstances under which it was made is ambiguous. DePue v. McIntosh, 127 N. W. 532. That the evidence was admitted by the court for that purpose only clearly appears from the instruction of the court which is as follows: "You are instructed as a matter of law,

when parties enter into an agreement and the agreement is reduced to writing, this writing supersedes all the oral negotiations or stipulations concerning this matter which preceded or accompanied the execution of the instrument."

[8] While it would have been proper for the court to have explained to the jury the purpose for which the evidence was admitted, still its failure to do so did not, in our opinion, constitute reversible error, as we are inclined to take the view that the jury could not have been misled by this evidence under the instructions of the court.

[9] It is further contended by the appellant that the court erred in its charge to the jury in instructing them as follows: "You are further instructed that after parties have entered into a written agreement they may afterwards, by another writing, or by parol agreement alter or change the original agreement and no new consideration is necessary, as the original consideration is sufficient to support the change or alteration." The court in this part of its charge evidently inadvertently overlooked the provisions of section 1287, C. C., heretofore quoted, which provides: "A contract may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." We are inclined to take the view, however, that, as this instruction was not appropriate as applied to the facts of the case before us, the contract, as we have seen, to pay taxes being in writing, and the written instrument being presumptive evidence of a consideration, the jury were required under the clause of the note above quoted, if they believed the evidence of the plaintiff and of Mr. Null, the attorney, to find a verdict in favor of the plaintiff for the taxes so paid. The error of the court, therefore, in its charge, was not such an error as requires a reversal of the judgment in this court.

[10] It is further contended that the case should be reversed on the ground of the misconduct of the counsel of the plaintiff in his remarks to the jury. The only reference to this matter in the record is that, after quoting the remarks made by the counsel for the plaintiff to the jury, it is stated: "To which remarks defendant's attorney then and there made objection. No action

was taken by the court." No motion having been made by the plaintiff and no ruling by the cour, there is clearly nothing before us to review.

We do not deem it necessary to give separate consideration and discussion to a number of the errors assigned for the reason that, in our opinion, they do not possess sufficient merit to require such consideration.

The judgment of the circuit court and order denying a new trial are affirmed.