396    APPELLATE COURT OF INDIANA,

High Wheel Auto, etc., Co. *v.* Journal Co.—50 Ind. App. 396.

## HIGH WHEEL AUTO PARTS COMPANY ET AL. *v.* JOURNAL COMPANY OF TROY.

[No. 7,605.    Filed May 14, 1912.]

1. CONTRACTS. — *Mutuality.* —*"Unilateral Contract."*— The term "unilateral contract" is a legal solecism that has come into use as expressing the idea of a contract lacking in mutuality.  p. 398.

2. CONTRACTS.—*Acceptance.—Mutuality.*—Where a contract or order is signed by one of the contracting parties, and accepted by the other, and affirmative acts constituting the consideration done by the latter, the party signing cannot assert a want of mutuality in the instrument.  p. 398.

3. CUSTOMS AND USAGES.—*Operation.—Construction of Contract.*— A custom or usage long continued and uniform, generally known and acquiesced in, may be shown in a proper case, where there is doubt in construing a contract or in ascertaining the manner of discharging some duty.  p. 399.

4. CUSTOMS AND USAGES.—*Customs Relating to Matters of Law.*— Proof of a custom will not be received when in conflict with well settled rules of law.  p. 399.

5. CUSTOMS AND USAGES.—*Operation.—Unambiguous Contract.— Answer.*—In an action on a contract for space at an exhibition, where the contract contained a direct and positive promise to pay an amount certain at a time certain without conditions or qualifications, an answer alleging certain customs of the trade, exempting defendants from the obligation to pay for such space, was insufficient, since the parties had a right to contract against custom and the contract was not open to construction or explanation.  p. 400.

From Delaware Circuit Court, *Joseph G. Leffler,* Judge.

Action by the Journal Company of Troy against the High Wheel Auto Parts Company and another.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*George H. Koons* and *George H. Koons, Jr.,* for appellants.

*John W. Ryan* and *Thomas L. Ryan,* for appellee.

ADAMS, J.—During the week of October 5-10, 1908, appellee managed an automobile exhibit at Grand Central Palace, New York.  Appellant, High Wheel Auto Parts Com-

pany, was a manufacturer of automobiles, and desired to make a display at this exhibition. On August 8, 1908, appellants sent the following order to appellee:

"Muncie, Ind., Aug. 8, 1908.
Journal Company of Troy,
Troy, N. Y.
Gentlemen:—You will please reserve for us 234 square feet of space in 44th St., Section Main Exhibit floor, as per diagram below, for which we agree to pay you at the rate of One Dollar ($1.00) per square foot, total $234.00.

TERMS—25 per cent to accompany signed contract; balance on Saturday, August 1, 1908. The rules and regulations printed on the last page of this contract form a part thereof.
9 ft. front,        HIGH WHEEL AUTO PARTS CO.,
26 " deep                    H. L. Warner, Mgr."

This order is made a part of the complaint, and it is averred that on receipt thereof appellee at once set apart the space in the exhibition building numbered and described in the contract, and held the same for appellants, unoccupied and unused by any other exhibitor during the exhibition.

It is also averred that twenty-five per cent of the contract price accompanied the order; that appellants have failed and refused to pay the balance, after demand, and that the sum of $177 is due and wholly unpaid.

The rules and regulations printed on the back of the order are also set out as a part of the complaint, but as these rules are long, and relate only to the rights and duties of exhibitors, and are wholly foreign to the contract sued on, it is unnecessary to set them out in this opinion.

A demurrer to the complaint was overruled, and appellants filed three paragraphs of special answer, to which the court sustained a demurrer, and this ruling constitutes the error relied on for reversal.

These paragraphs of answer allege that at the time of execution of the order sued on, there was an established and uniform custom of the business and trade in which said

transaction was had, that in the event the contractor for space could not, for any cause, attend such exhibition, and use and occupy the space subscribed for, that upon notification such space would be surrendered, and the cash payment retained by the manager of the exhibition in full settlement of all liability of the subscriber; that such custom was uniform, and well known to the parties, and was well understood by them at the time of the execution of the order.

It is also averred that on account of illness in the family of appellant Warner, it was impossible for appellants to arrange to attend the exhibition, and use the space subscribed for; that about September 21, 1908, appellants notified appellee that on account of such illness in the family of appellant Warner, appellants would not be able to attend such exhibition and occupy the space subscribed for, and duly surrendered all claim to the same; that appellee "met such surrender by assuring the defendants that plaintiff would do its best to sell said space, stating that no man could do better than his best, and claiming that if it could not sell said space, it would hold defendants for the payment therefor." Appellants replied to appellee, that they would lose what they had already paid, but would not pay for space which they would not use.

The points urged by appellants are (1) that the contract sued on is unilateral, and the complaint does not show an enforceable obligation; and (2) that the usage set up in the answers became a part of the contract, and proof of the same would defeat a recovery in this case.

A unilateral contract is a legal solecism. There is no such thing as a one-sided contract. The term, however, has found a place in the books, as expressing the idea of a contract lacking in mutuality. The order sued on in this action was primarily unilateral, but on acceptance by appellee it became binding on the parties, and, on performance, either might enforce it. It is a rule so well settled as to be almost elemental, that

where a contract or order is signed by one of the contracting parties, and accepted by the other, and affirmative acts con- stituting the consideration done by the latter, the party sign- ing cannot assert a want of mutuality in the instrument. *Street* v. *Chapman* (1867), 29 Ind. 142, 152; *Fairbanks* v. *Meyers* (1884), 98 Ind. 92, 97; *Chicago, etc., R. Co.* v. *Derkes* (1885), 103 Ind. 520, 523, 3 N. E. 239; *Brown* v. *Russell & Co.* (1886), 105 Ind. 46, 53, 4 N. E. 428; *American Quarries Co.* v. *Lay* (1906), 37 Ind. App. 386, 390, 73 N. E. 608.

Appellants seem to rely on their answers setting up a cus- tom of the business in which the transaction was had, as a bar to appellee's right to recover. A custom or usage long continued and uniform, generally known and ac- 3. quiesced in, may be shown in a proper case, where there is doubt in construing a contract or in ascer- taining the manner of discharging some duty. *Morningstar* v. *Cunningham* (1887), 110 Ind. 328, 333, 335, 11 N. E. 593, 59 Am. Rep. 211; *Rastetter* v. *Reynolds* (1903), 160 Ind. 133, 136, 66 N. E. 612; *Leiter* v. *Emmons* (1898), 20 Ind. App. 22, 25, 50 N. E. 40; *Louisville-Cincinnati Packet Co.* v. *Rogers* (1898), 20 Ind. App. 549, 599, 49 N. E. 970; *Everitt* v. *Indiana Paper Co.* (1900), 25 Ind. App. 287, 290, 57 N. E. 281.

But the custom relied on must pertain exclusively to mat- ters of fact, and not to matters of law, or supposed applica- tions of the law. A custom cannot contradict the 4. plain and unambiguous terms of a contract or con- trol its legal effect. It follows, therefore, that proof of a custom will not be received when in conflict with well- settled rules of law. *Cox* v. *O'Riley* (1853), 4 Ind. 368, 373, 58 Am. Dec. 633; *Atkinson* v. *Allen* (1868), 29 Ind. 375, 377; *Rafert* v. *Scroggins* (1872), 40 Ind. 195, 196; *Sohn* v. *Jervis* (1885), 101 Ind. 578, 581; *Bauer* v. *Samson Lodge, etc.* (1885), 102 Ind. 262, 271, 1 N. E. 571; *Morningstar* v. *Cunningham, supra; Scott* v. *Hartley* (1891), 126 Ind. 239, 247, 25 N. E. 826; *Brown* v. *Foster* (1873), 113 Mass. 136,

18 Am. Rep. 463; *Hopper* v. *Sage* (1889), 112 N. Y. 530, 20 N. E. 350, 8 Am. St. 771.

The order and contract sued on in this action is not indefinite or ambiguous. It is a direct and positive promise to pay an amount certain at a time certain, without conditions or qualifications. The final payment was to be made at a time antedating the order, and the whole amount was therefore due on the execution of the same. Parties have a right to contract against custom, and where the contract is not open to construction or explanation, proof of a custom nullifying it will not be received.

The judgment is affirmed.

NOTE.—Reported in 98 N. E. 442. See, also, under (1) 9 Cyc. 244; (2) 9 Cyc. 327; (3) 12 Cyc. 1081; (4) 12 Cyc. 1053; (5) 12 Cyc. 1091. As to mutuality of contracts, see 53 Am. Dec. 373. As to the admissibility of evidence of a usage at variance with the express terms of a contract, see 18 Am. Rep. 205. As to the admissibility of evidence of custom to create an exception to written contract, see 3 L. R. A. (N. S.) 248.