## VOILES v. BEARD.

PLEADING.—*Contract.*—*Infant.*—*Ratification.*—In an action to recover for work and labor performed for the defendant, by the plaintiff, during the minority of the latter, the defendant answered, that such services had been rendered pursuant to a contract between the parties, that the defendant had fully paid for them in accordance with the terms of such contract, and that the plaintiff, after attaining his majority, and with full knowledge of the facts, had ratified such contract.

*Held,* on demurrer, that the averment of ratification is sufficient.

SAME.—*Guardian and Ward.*—*Settlement by Guardian.*—*Statute of Limitations.* —An answer in such action alleged, that such services had been performed while the defendant was the guardian of the plaintiff, that the defendant had fully settled his trust, received the receipt of his ward in full, and been discharged from his trust by the proper court, on filing his final report, which, however, contained no account of the matter in controversy, and that said report had been approved more than three years prior to the commencement of the action.

*Held,* that, for want of a direct averment that the matter in controversy had been included in such settlement, the answer is insufficient.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*B. W. Wilson,* for appellee.

BIDDLE, C. J.—Action by appellant, to recover for work and labor done and performed while he was a minor, for the appellee.

Nine paragraphs of answer were filed, but all were withdrawn except the third and seventh, which were as follows:

3. That said services were rendered in compliance with a contract made between plaintiff and defendant, by which it was agreed that said plaintiff should render said services, in consideration that the defendant, for the same time, should furnish the plaintiff with boarding, clothing, schooling, attendance in sickness and health; that the defendant complied with his part of the contract, and that the plaintiff, after he was of full age, and with a full knowledge of the facts, ratified and confirmed said agreement. Wherefore, etc.

7. That, during all the time the said services were rendered by the plaintiff, he was a minor, under the guardianship of the defendant; that, as such guardian, the defendant took the plaintiff into his house, and treated him as a member of his family, and furnished him with boarding, clothing, lodging, attention in sickness and health, and, after the plaintiff became of age, the defendant made a final settlement of the matters of his guardianship with the proper court, exhibiting his report and receiving a final discharge from said trust, setting forth his report as a part of the answer, and also a receipt given by the plaintiff to the defendant, by which he acknowledges that he has received a certain amount "in full of balance in my favor against him as guardian." Wherefore said cause of action grew out of said guardianship, and did not accrue within three years immediately before the beginning of this suit, which was not brought until more than three years after the approval of said report.

Each of these paragraphs was tested by a demurrer, alleging the insufficiency of the facts stated in it, and held good by the court. Exceptions were reserved, and, the appellant refusing to reply, judgment was rendered in favor of appellee, for costs.

Overruling the demurrers to the third and seventh paragraphs of answer presents the only questions in the case.

It is alleged, against the third paragraph, that the ratification by the appellant of the contract set forth, after he became of age, is not sufficiently averred; that the averment is a mere conclusion of law, and not a statement of fact. We think, however, that the averment is sufficient to withstand a demurrer. The appellant might, perhaps, have successfully moved to have the paragraph in that particular made more specific; but, as he has not done so, we must hold that the error is one merely of form, and not one that substantially injured his rights.

The seventh paragraph contains no averment, that the matters set forth in the complaint in this case were included in the guardian's settlement with the court. The settlement, as set forth in the paragraph, does not show that the matters now in controversy were included therein; they are not such as belonged properly to the guardian to settle with the court. We can not, therefore, presume, that they were so included in the settlement. For want of a direct averment, that the matters in the complaint were included in the settlement of the guardian with the court, we must hold the seventh paragraph insufficient.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the seventh paragraph of the answer, and for further proceedings.