## Fouch et ux. *v.* Wilson et al.

Agency.—*Execution of Mortgage by Agent in Name of Principal.—Ratification.*—A., having in his possession a certain sum of money belonging to B., by direction of the latter purchased certain land from C. for B., to whom C. conveyed it, and A. paid therefor said sum, and gave his own note for a balance of the purchase-money, and, to secure said note, executed a mortgage on said land to C., in the name of B., who knew of the purchase and authorized A. to sign all necessary papers, and, after said purchase, took possession of the land, claiming title thereto, with knowledge of said mortgage.

*Held,* in a suit to foreclose said mortgage, that B. could not repudiate the execution by A. of said mortgage, in the name of B., though the latter never expressly authorized the former to sign said mortgage.

From the Hamilton Circuit Court.

*D. Moss,* for appellants.

*A. F. Shirts* and *G. Shirts,* for appellees.

Howk, J.—In this action the appellants, as plaintiffs, sued the appellees, as defendants, in the court below, to foreclose a mortgage on certain real estate, in Hamilton county, Indiana.

The appellants alleged, in substance, in their complaint, that, on September 3d, 1873, the appellee Mary A. Wilson executed a mortgage, conveying to the appellant Mary A.

Fouch, the wife of her co-appellant, the real estate therein described, to secure the payment of a note of the same date, for the sum of two hundred and ninety dollars, executed by the appellee John W. Wilson, and payable to the order of said Mary A. Fouch; and that said note was due and unpaid; wherefore, etc.

To this complaint, or rather so much thereof as sought the foreclosure of said mortgage, the appellee Mary A. Wilson separately answered and said, " that she never signed the mortgage referred to in said complaint, and never in any manner authorized any other person or persons to sign said mortgage for her." This answer was duly verified by the oath of said Mary A. Wilson. The other appellees made default.

The cause was tried by a jury, in the court below, and a verdict was returned, as between the appellants and the appellee Mary A. Wilson, for said appellee; and the appellants' motion for a new trial having been overruled, and their exception saved to such ruling, judgment was rendered by the court on said verdict, in favor of the appellee Mary A. Wilson, and against the appellants, from which judgment this appeal is now prosecuted.

The only error assigned by the appellants in this court is the decision of the court below, in overruling their motion for a new trial. In their motion for such new trial, the appellants assigned the following causes therefor:

1. Because the verdict of the jury was not sustained by the evidence;

2. Because the verdict of the jury was contrary to the evidence;

3. Because the verdict of the jury was contrary to law;

4. For error of law committed by the court, in giving instruction two, to the giving of which the appellants at the time excepted;

5. For error of law committed by the court, in refusing to give instructions numbered one, two and three,

asked by the appellants, to the refusing of each of which the appellants at the time excepted;

6. For error in the assessment by the jury of the amount of recovery, in the verdict, in that it was too small.

The facts of this case, as we gather them from the record, were substantially as follows : The appellee Mary A. Wilson was the widow of a deceased brother of her co-appellee, John W. Wilson, who had in his hands the sum of one hundred and seventy-two dollars, belonging to said Mary A. Wilson, as her share of her deceased husband's estate. By her direction, said John W. Wilson purchased from the appellant Mary A. Fouch the real estate described in the mortgage in suit, for the sum of five hundred and fifty dollars, for said Mary A. Wilson, to whom the appellants executed a deed of said real estate. When the real estate was purchased, Mary A. Wilson knew of the purchase, and authorized John W. Wilson " to sign all necessary papers." At the time of the purchase, said John W. Wilson paid on the purchase-money the said sum of one hundred and seventy-two dollars, belonging to said Mary A. Wilson, and the further sum of ninety dollars of his own money; and for the residue of the purchase-money he executed, in his own name, the note in suit, and in the name of said Mary A. Wilson the mortgage described in the complaint, to secure the payment of said note. After the purchase of said real estate, she took possession thereof, and had since claimed it as her own property.

The one question in dispute in this case, as between the appellants and the appellee Mary A. Wilson, was in regard to the execution of the mortgage in suit. It was not claimed by said appellee, that she, or any one for her, had ever paid the appellants, or either of them, or any other person, the unpaid purchase-money, which was evidenced by the note of said John W. Wilson therefor, described in said mortgage. The evidence on the trial, in-

troduced by the appellants, showed very conclusively, as it seems to us, that, in the purchase of the mortgaged premises, John W. Wilson was the agent of Mary A. Wilson, and acted by her express authority, and that she approved, ratified and confirmed his acts as her agent, by taking possession of, and claiming title to, the premises in question. The appellee Mary A. Wilson was a witness on the trial, in her own behalf. Her evidence is worthy of note, as well on account of the omissions therefrom as for the matter of her testimony. She testified, that she told John W. Wilson to buy the property for her, but she did not say that she had paid for the property, or that she had furnished the money, or had the money to pay therefor. She further testified: "I claim the property as my property, and claim and receive the rents. I have never offered to return the property and to receive back what was paid on it."

John W. Wilson had testified on the trial, that "Mary A. Wilson told me to go ahead, and fix up all the papers and sign them up for her. She authorized me to give a mortgage and sign her name to it. She knew the mortgage was made, all the time." Mr. Eacret testified, that he heard Mary A. Wilson authorize John W. Wilson to sign the papers; "she admitted that she had had the conversation about signing papers, and that she had authorized him to sign papers. I understood he was to execute all."

In response to this evidence, Mary A. Wilson alone testified in her own behalf, that she never authorized John W. Wilson to sign the mortgage. She did not say, however, that she never told John W. Wilson "to go ahead, and fix up all the papers and sign them up for her." She did not say that she did not know the mortgage was made, when she took possession of the property, and all the time since. She did not say that she had never had the conversation, nor made the admissions, of which Mr. Eacret testified. And very singularly, if the fact would

justify it, she did not say that she had never, by word or deed, approved, ratified or confirmed the act of John W. Wilson, confessedly her agent in this transaction, in signing her name to the mortgage in suit.

It seems to us, upon the evidence, giving the appellee Mary A. Wilson the full benefit of her own testimony—that she never authorized John W. Wilson to sign the mortgage—still, it falls far short of meeting the case made by the appellants' evidence. It might have been strictly and literally true, that she never authorized the signing of her name to the mortgage, and yet she might have so approved of and confirmed the act of her agent in subscribing her name to the mortgage, as that it would be just as valid and binding on her as if it had been done by her express authority. In our view of this case, the verdict of the jury was not sustained by sufficient evidence, and, therefore, we hold that the court below erred in overruling the appellants' motion for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded for a new trial.