No. 1,073.

## MINNICH v. DARLING ET AL.

PRINCIPAL AND AGENT.—*Contract.—Ratification, How Pleaded.—Estoppel.—Law and Fact.*—Ratification, as the term is applied to principal and agent, is a fact, and not a legal conclusion, and, as such, may be pleaded in general terms; but when used in a sense akin to estoppel, it is not proper to plead it in general terms, but the acts constituting the ratification must be specially pleaded.

SAME.—*Contract.—Ratification, Definition of.*—The contract ratified must be one that the parties might have lawfully made in the first instance, and the person who acts as agent must purport to be the agent of the principal, and the contract must be made upon the faith and credit of the principal, ratification being an adoption of that which was done for and in the name of another.

LAW AND FACT.—*Commingling of.—Effect.—Special Findings.—Conclusions of Law.—Appellate Court Practice.*—Where a conclusion of law is cast among the finding of facts, it must be disregarded, and can not be used to help out the conclusions of law as stated by the court; and the same rule applies where a fact is stated among the conclusions of law. The appellate tribunal will not transpose a fact improperly cast among the conclusions of law, and *vice versa.*

GAVIN, J., and DAVIS, J., dissent.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellant.

*W. L. Stonex* and *E. A. Dausman,* for appellees.

LOTZ, J.—It affirmatively appears that the judgment rendered by the trial court was based upon the first paragraph of the appellee's complaint. It is the ordinary action to recover judgment and to foreclose a material-man's lien for materials furnished to the owner of real estate for the construction of a dwelling house thereon.

The appellant filed an answer in denial, and it was agreed of record that all defenses might be given under this answer.

The court made a special finding of facts, and stated conclusions of law. They are substantially as follows:

"First. That, on the 18th day of February, A. D. 1888,

the defendant made a contract with one Louis M. Smalley to erect a dwelling house upon the south half of lot number twenty-eight, of the town of Elkhart, of the county of Elkhart, and State of Indiana, excepting eighty feet off the east end thereof, of which said real estate the said defendant, at the time of entering into said contract and continuously from thence until the 10th day of September, A. D. 1888, was the owner in fee-simple; that by the terms of said contract the said Louis M. Smalley was to furnish all the materials and perform all the labor in the construction of the said dwelling for a given sum, and that changes in the plans and specifications might be made by defendant, to be charged for by the said Smalley, and that the said contract was reduced to writing and executed by the defendant and the said Smalley.

"Second. That subsequent to the execution of the said contract, and during the month of March, A. D. 1888, the said Smalley commenced the work of constructing the dwelling house, as per his written contract, and finished the same on the 16th day of August, A. D. 1888.

"Third. That during the entire period of the construction of the said dwelling house, the plaintiffs, Stafford Maxon and Eber Darling, were partners trading under the firm name of Maxon & Darling, and the said firm was engaged in the lumber business.

"Fourth. That about the fourth day of April, A. D. 1888, the said contractor, Louis M. Smalley, commenced to purchase lumber and materials of plaintiffs, to be used in the construction of the said dwelling, directing the plaintiffs to charge the same to the defendant, and continued so to purchase such materials of plaintiffs and to have the same so charged, until the 10th day of August, A. D. 1888, during which period he purchased all the items charged in the plaintiff's complaint at the dates and prices therein stated, amounting in the aggregate to

$252.68, all of which was so used in said dwelling, and that plaintiffs did charge the items, as the same were purchased, to the said defendant.

"Fifth. That the defendant did not authorize the said Smalley to purchase the said bill of lumber and material on his account, and did not know that the same were being so purchased, until some time in the month of July, A. D. 1888, at which time he inquired of the plaintiffs, at their place of business, (in substance) whether Smalley was buying lumber of them for his house, and in reply was informed that he was; that the bill was charged direct to the defendant; the book account was at said time shown to him and footed up in his presence, and the amount stated to him; that he made no objection to the charge being made to him, but requested plaintiffs to make out an itemized statement of it and present it to him the next time he came in from his run as a U. S. postal clerk, and said that he would fix it up at that time, and that subsequently to the said conversation plaintiffs sold a part of the items enumerated in their complaint, and plaintiffs did not know anything about the contract between defendant and Smalley, until all the items in said account were sold and charged, as aforesaid.

"Sixth. That on the 10th day of September, A. D. 1888, and within sixty days of the date of the last items purchased in the said bill, the plaintiffs filed in the proper recorder's office in the county of Elkhart, and State of Indiana, the notice of mechanic's lien, as set forth in the complaint, and the same was duly recorded on said date in the miscellaneous record of the said county, in book 4, at page 354; that the said notice of lien contains and describes more land than was owned at said date by said defendant; the word eight, in the exception in said description, should have been eighty to have properly described his said land; that the plat in

which said lot is situate is the plat first laid out for the town (now city) of Elkhart, but is not designated of record as the 'original plat,' and no other plat is so designated.

"Seventh. That the amount now due plaintiffs, including interest on the account so purchased by Smalley and so charged to defendant, is $311.43.

"Eighth. That a reasonable fee for plaintiff's attorneys in the prosecution of this suit is $155." * * *

And, as conclusions of law upon the facts, the court finds:

"First. That by his acts in the month of July, 1888, as set forth in No. 5, of the finding of the facts, the defendant ratified the acts of Smalley, and became bound for all the goods previously bought and for such goods as Smalley subsequently purchased in his name for the purposes of the completion of the defendant's said dwelling, and defendant is liable for the entire bill.

"Second. That the notice of lien is sufficiently definite to hold defendant's lot, as described in plaintiff's complaint."

The appellant excepted to the conclusions of law and moved for a judgment in his favor on the findings. This motion was overruled, and the court rendered judgment in favor of the appellees, and decreed a foreclosure of the lien. The appellant then filed a motion for a new trial; this motion was also overruled. Each of these decisions of the trial court is assigned as error in this court.

The office of a special finding or verdict is to determine the facts which give rise to legal conclusions embraced within the issues formed by the pleadings of the parties. Such facts are the source and cause of the law. They are the result or effect of the evidence, and are sometimes denominated the inferential or ultimate facts. The purpose of a judicial inquiry is to ascertain the facts

upon which the law depends.   Every ultimate fact is intimately related to many other facts.   These attendant facts, not being of controlling legal importance, are denominated the evidentiary or subsidiary facts.   The special findings, generally speaking, should be limited exclusively to the ultimate facts proved by the evidence. Ordinarily no evidence, no evidentiary facts, no conclusions of law, have any proper place in the special findings, and, if so found, must be disregarded in stating the legal conclusions.

The appellees' complaint alleges, that the appellant purchased materials of them for the construction of a dwelling house;   that said materials were so used;   that they gave notice of their intention to hold a lien thereon; that the value of said materials is a given amount, and that same is due and unpaid.

To entitle them to the relief prayed for, it was necessary that they should prove, and that the court should find, that there was a contract for the purchase of the material between them and the appellant, the value of the materials, and the amount due and unpaid.   Such facts would entitle the appellees to a personal judgment. To entitle them to the enforcement of a lien, it was necessary to prove, and for the court to find, that the materials were furnished for, and used in, the construction of the house, and the giving of the notice of intention to hold a lien.   If these facts are all found, they are sufficient to support the judgment rendered in favor of the appellees.   But it is not expressly found therein that any contract of purchase was ever made between them.   If it be conceded that under the agreement that all defenses might have been given under the answer of general denial, and that all affirmative matter in reply might be given without specially pleading the same, the inquiry arises as to the effect of subdivision No. 5 of the special findings as to establishing a contract.

He who ratifies and adopts a contract made in his name, although without his knowledge or authority, will be bound by it through all of its legitimate consequences the same as if he had authorized it in the first instance. The methods by which a contract may be ratified are as numerous and various as the methods by which a contract may be made without the intervention of an agent. There are certain well defined rules that govern ratification. The contract ratified must be one that the parties might have lawfully made in the first instance. The person who acts as agent must purport to be the agent of the principal, and the contract must be made upon the faith and credit of the principal. Ratification means adoption of that which was done for and in the name of another; hence, the contract, at its inception, must purport to be the contract of the principal. It is not sufficient to constitute ratification that the contract may have enured to the benefit of a person sought to be charged as principal. Some confusion has arisen as to the use of the word ratified, and as to whether ratification is a fact or a conclusion of law arising from the facts.

The terms "adopted" and "ratified" are properly applied only to contracts made by a party assuming to act for another. *Ellison* v. *Jackson, etc., Co.*, 12 Cal. 542, 19 Cent. L. J. 482; *Clough* v. *Clough*, 73 Me. 487.

These terms are frequently used in reference to the confirmation or renewal of contracts of infants and of persons of unsound mind, but not properly in its technical sense. Renewal is the proper designation of the conduct of a party under such circumstances. It is not a correct expression to say that a person adopts or ratifies his own act. That which is his own is already so, and needs no adoption. The terms ratified and adopt, of

themselves, imply that some other person has acted other than the person who ratifies or adopts.

In its technical sense, ratification is itself a fact, and not a conclusion of law to be drawn from other facts or circumstances.    *Carter* v. *Pomeroy*, 30 Ind. 438 (441).

The acts, words, and silence of the principal are sometimes spoken of as in themselves constituting a ratification, but this is not strictly accurate.    They are rather the evidence of a ratification than the ratification itself. Mecham Agency, section 146.

Ratification, in its technical sense, may be pleaded in general terms, because it is a fact.    *Voiles* v. *Beard*, 58 Ind. 510.

But when it is used in a sense akin to estoppel, it is not proper to plead it in general terms, but the acts done constituting it must be specially pleaded, and if it merely state legal conclusions, the pleading will be bad on demurrer.    *Copenrath* v. *Kienby*, 83 Ind. 18; *Reinskopf* v. *Rogge*, 37 Ind. 207.

Ratification, as the term is applied to principal and agent, being a fact and not a legal conclusion, the special findings, in order to support the judgment, must find that a contract was entered into between the appellant and appellees, either directly or by a subsequent ratification.    This the findings do not do.    The facts stated in subdivision No. 5 are evidentiary and not ultimate facts. *Haggerty* v. *Juday*, 58 Ind. 154 (158).

Such facts are no more to be regarded in drawing the legal conclusions than the evidence itself.    When the special findings and the conclusions of law are considered as an entirety, it is apparent that the court conceived the idea that ratification was not a question of fact, but a legal conclusion, and so placed it among the legal conclusions.    Can this court transpose a fact improperly

cast among the conclusions of law and place it among the finding of facts and then pronounce the proper judgment upon the facts? The rule is firmly settled that if a conclusion of law be cast among the facts it must be disregarded. It can not be used to help out the conclusions of law, as stated by the court. The reason for a rule is equally as strong that a fact improperly cast among the conclusions of law can not be considered as a fact to supply any defect in the special findings. The finding of a fact as a matter of law is not equivalent to finding the fact as a fact. *Kealing* v. *Vansickle*, 74 Ind. 529 (536).

When matters of fact are stated as conclusions of law, they are altogether out of place, and can exert no influence upon the case. *Smith, Admr.*, v. *Goodwin*, 86 Ind. 300 (303).

This is not an open question in this State. *Braden, Admr.*, v. *Lemmon*, 127 Ind. 9 (14); *Jarvis* v. *Banta*, 83 Ind. 528.

There is good reason for the rule here announced, for a fact is one thing and the law is another. If the court improperly conceive a conclusion of law to be a matter of fact, it is apparent that it proceeds upon an improper basis, and likewise if it conceive a matter of fact to be a conclusion of law. A court can not proceed intelligently in the determination of the rights of parties litigant, unless it keep in mind the distinction between law and fact. There is no finding of fact that the appellant ever purchased any material of the appellees. The findings are not sufficient to support the judgment.

As said by BERKSHIRE, J., in *Kehr* v. *Hall*, 117 Ind. 405 (409): "Every fact must be found and stated in the special finding necessary to the plaintiff's recovery, or the judgment must be for the defendant."

Facts not found are presumed, as against the party who

has the burden of proof, not to exist. *Stix* v. *Sadler*, 109 Ind. 254.

We think the court erred in its conclusions of law. To prevent injustice, the judgment is reversed, at the costs of appellees, with instructions to grant a new trial to appellees if asked. *Buchanan* v. *Milligan*, 108 Ind. 433.

Ross, J., concurs in the result.

GAVIN, J., and DAVIS, J., dissent.

