## American Quarries Company v. Lay.

[No. 5,009.   Filed February 21, 1905.   Rehearing denied June 27, 1905.   Transfer denied February 23, 1906.]

1. CONTRACTS.—*Oral.*—*Not to be Performed within the year.*— *Frauds, Statute of.*—An oral contract by a company to pay an injured employe certain wages during disability, to pay his nurse hire, doctors' bills, and to give him employment when recovered, in consideration of a release of his claim for damages, is not within the statute of frauds, since such contract, being personal, may terminate by the death of such employe within the year.   p. 389.

2. SAME.—*Signed by one Party.*—*Acted upon by Other.*—A writing, signed by an injured employe, releasing a company from libility for damages in consideration of the payment of certain sums and future employment, which writing is not signed but is acted upon by such company, is binding upon both.   p. 390.

3. NEW TRIAL.—*Contract Actions.*—*Excessive Damages.*—That the damages are excessive, is not a ground for a new trial in actions founded upon contract.   p. 391.

4. SAME.—*Contract Actions.*—*Recovery too Large.*—That the amount of recovery is too large, is a good ground for a new trial in actions founded on contract.   p. 391.

5. PRINCIPAL AND AGENT.—*Corporations.*—*Superintendents.*— *Release.*—*Contracts.*—The general agent of a corporation, having power to employ and discharge men, has the power on behalf of such corporation to enter into a contract with an injured employe for the release of such employe's claim for damages.   p. 391.

6. CONTRACTS.—*Release of Claim for Damages.—Ratification.*— Where a company's general agent entered into a contract with an injured employe for the release of his claim for damages, and such company took and retained such contract and made several payments thereunder, ratification thereof is established. p. 392.

7. SAME.—*"During Disability."—Question for Jury.*—Where plaintiff by a contract released his claim for damages partly in consideration of certain payments "during disability," the time covered by such disability was a question for the jury. p. 392.

8. TRIAL.—*Interrogatories to Jury.—Nature of.*—An interrogatory to the jury asking upon what paragraph of complaint damages are awarded is improper. p. 393.

9. APPEAL AND ERROR.—*Death.—Judgment.*—Where appellee dies during the pendency of the appeal, a judgment of affirmance will be made as of date of submission. p. 393.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by James Lay against the American Quarries Company. From a judgment for plaintiff, defendant appeals. (Transfer denied, see 166 Ind. 234.) *Affirmed.*

*E. C. Field, H. R. Kurrie* and *John H. Underwood,* for appellant.

*John H. Edwards* and *Henry P. Pearson,* for appellee.

ROBY, J.—Appellee's amended complaint was in three paragraphs, to each of which appellant's demurrer for want of facts was overruled. The issue was closed by a general denial, trial by jury had, a verdict returned for $4,500, appellant's motion for a new trial overruled, and judgment rendered on the verdict, from which this appeal was taken.

The errors assigned question the action of the court in overruling the demurrers and in overruling the motion for a new trial.

The first and second paragraphs of the amended complaint are founded upon a written instrument which is filed as an exhibit, and which is in terms as follows:

"In consideration of the sum of regular wages during disability, at $1.25 per each working day, neces-

sary nurse hire, and all doctor bills resulting from present disability, and employment when recovered, to me in hand paid by the American Quarries Company at their regular pay-days, I do hereby release and forever discharge said American Quarries Company from any and all actions, causes of actions, claims and demand for, upon or by reason of any damages, loss or injury, which heretofore have been or which hereafter may be sustained by me in consequence of the accident occurring to me on March 12, 1902, by which my right leg was broken below the knee. It being further agreed and understood that the payment of said sums are not to be construed as an admission on the part of said American Quarries Company of any liability whatever in consequence of said accident. In witness whereof, I have hereunto set my hand and seal the 15th day of March, 1902.

Signed and sealed                                    James Lay.
in the presence of:

William C. Fultz.

F. F. Storer.

"State of Indiana, Lawrence county: ss.    Before me, John R. Andrews, a notary public in and for said county and State, this 15th day of March, 1902, personally appeared James Lay who acknowledged the execution of the annexed release.

Witness my hand and notarial seal.

John R. Andrews, notary public.

[Notarial Seal.]        Com. expires Dec. 8, 1902."

It is alleged in connection therewith that appellant was a corporation engaged in operating a stone-quarry in Lawrence county; that appellee on March 12, 1902, while in its employ as a laborer at $1.25 per day, was injured by the explosion of a blast; that on the 15th day of said month he entered into said contract by which he released appellant from all claims and demands arising out of his said injury, and that he has performed all the conditions of said contract on his part; that it was signed on behalf of appellant by its superintendent in charge of its business in said county, executed and acknowledged before a notary

public, received, accepted and ratified by appellant, who now has possession of the same, and has, pursuant to its terms, paid the nurse hire and doctor's bill, and $1.25 per working day, above mentioned, to appellee up to May 5, 1902; that it failed and refused further to comply with the terms of said contract upon its part; that from May 5 to May 22 there was due and payable to him the sum of $16.50, of which sum appellant paid $8.75, leaving due the sum of $7.75, which he demanded at its office on said day, the same being its regular pay-day; that it has repudiated said contract, and notified appellee that it will not be in any manner bound thereby; that since said injury appellee has been wholly unable, on account of his physical condition due thereto, to perform any labor or earn any money, and has not recovered from the effects of said injury, but is wholly disabled and unable to perform any labor, is permanently crippled and injured for life, and is an object of charity, and that he will be wholly unable to earn a livelihood during the remainder of his life. Wherefore, etc.

The third paragraph of the pleading differs from the others only in this, that the contract is not averred to have been in writing. The objection urged to it, which does not apply to the others, is that the contract therein set up is within the statute of frauds. §6629 Burns 1901, cl. 5, §4904 R. S. 1881. If the premise, that the contract was not to be performed within a year from the making thereof were granted, the conclusion would follow, but the contract was personal in character and might have terminated within a year through the death of appellee, and was not therefore within the statute. *Pennsylvania Co.* v. *Dolan* (1893), 6 Ind. App. 109, 118, 51 Am. St. 289; *Hinkle* v. *Fisher* (1885), 104 Ind. 84; *Durham* v. *Hiatt* (1891), 127 Ind. 514.

The writing heretofore set out, upon which the first and second paragraphs of complaint depend, does not contain

an express promise in terms on appellant's part to
2.   pay appellee $1.25 per each working day, necessary nurse hire, and all doctor bills resulting from present disability, and to give him employment when recovered, but it does contain a release on his part of any right against appellant, growing out of the injury suffered by him while in its service, such release being made in consideration of those things.   It was not signed by appellant, but it was signed by appellee, and, as alleged, acted upon by appellant.   It therefore became obligatory upon both. *Alcorn* v. *Morgan* (1881), 77 Ind. 184, 186; *Munson* v. *Ray* (1845), 7 Blackf. 403; *Stewart* v. *Chicago, etc., R. Co.* (1895), 141 Ind. 55; *Indianapolis Union R. Co.* v. *Houlihan* (1901), 157 Ind. 494, 54 L. R. A. 787.   The acceptance of the release implied an accession to its terms, thereby creating a contract as binding as one signed by both parties.   *Adams Express Co.* v. *Carnahan* (1902), 29 Ind. App. 606, 94 Am. St. 279; *Street* v. *Chapman* (1867), 29 Ind. 142; *Chicago, etc., R. Co.* v. *Derkes* (1885), 103 Ind. 520; *Leach* v. *Rains* (1897), 149 Ind. 152, 157.

   In *Pennsylvania Co.* v. *Dolan, supra,* a release from liability for personal injuries had been obtained from the appellee upon the consideration of $100 and steady and permanent employment.   It was contended that the agreement lacked mutuality.   In the course of the opinion, written by Judge Reinhard, it was said: "Suppose that, instead of the release executed by the appellee, he had paid the appellant $500 in cash, in consideration of which the latter had agreed to employ the former as a flagman in its yards, during his life, at the rate of $2 per day.   Could it be held that the want of mutuality would entitle the appellant to keep the $500, and after a few months of employment and without any fault on his part, discharge him?   We think not.   *   *   *   The appellee has relinquished a claim against the appellant that had a certain value.   It has

placed it beyond his power to recover upon that claim, and the appellant has received a corresponding benefit.   The appellant, recognizing his obligation in the premises, gives the appellee, employment for a short time, and then, without the latter's fault, and without any just cause, and in violation of the terms of its agreement, discharges him and leaves him in his crippled condition to buffet with the world as best he can.   This is, in our estimation, a flagrant breach of the contract, and courts exist to a poor purpose if they can give no redress for such a wrong."   Nothing could be written more directly applicable to the facts involved in the case at bar.   There was no error in overruling the demurrers.

The grounds stated for a new trial are:   (1)   "That the damages assessed by the jury are excessive."   The action is on contract.   This ground applies to actions in tort only.   §568 Burns 1901, cl. 4, §559 R. S. 1881; *Norris* v. *Churchill* (1898), 20 Ind. App. 668; *Milwaukee, etc., Ins. Co.* v. *Stewart* (1895), 13 Ind. App. 640.

3.

In an action upon contract the statutory cause for a new trial is that the amount of recovery is too large.   §568, *supra; Louisville, etc., R. Co.* v. *Renicker* (1897), 17 Ind. App. 619; *Fenner* v. *Simon* (1901), 26 Ind. App. 628.   The point is made by appellee's counsel in their brief, and is well taken.

4.

(2)   "That the verdict of the jury was not sustained by sufficient evidence."   The insufficiency asserted relates to the authority of the agent to make a contract for appellant, and to its acceptance and ratification thereof.   The representative of the master who procured the execution of the release for appellant's benefit, taking care that it was witnessed and acknowledged before a notary public, had power to employ and discharge men, was in charge of appellant's quarry, and entered into the contract as superintendent of the American Quarries

5.

Company. The evidence shows him to have been a general agent, with power coextensive with the business. He therefore had power to bind his principal in his transactions incident thereto. *Minor* v. *Mechanics Bank* (1828), 1 Pet. 46, 7 L. Ed. 46; *Glidewell* v. *Daggy* (1863), 21 Ind. 95; *Goshorn* v. *People's Nat. Bank* (1904), 32 Ind. App. 428.

It is further shown by the evidence that the contract was, upon its execution, immediately forwarded by the superintendent to appellant's home office, and had been retained by it up to the time of the trial; that $78 or $79 had been paid by appellant to appellee under the contract, such payment being made by checks executed by the Bedford Stone Railway, a corporation operated by the American Quarries Company, under the superintendence of the agent above referred to; and that appellee's doctor and nurse bills had also been paid by it. Circumstances clearly justify the finding of the general verdict upon the ground of ratification, as well as of the original authority of the agent. *Willison* v. *McKain* (1895), 12 Ind. App. 78; *Fouch* v. *Wilson* (1877), 59 Ind. 93.

Neither can it be said that the phrase "during disability" applies only to the time that a nurse and doctor were required. The continuance of the disability was a matter of proof. Both bones of appellee's leg were broken below the knee, and the limb is shortened five inches. He was at the time of the trial fifty-two years old, and an inmate of the poorhouse. It was inferable that the injuries referred to were responsible for his condition. At any rate, if the disability had ceased he was entitled to employment under the contract. The consideration agreed to be given for the release was a matter of free choice. The language used by this court in enforcing a release of liability by a servant for a nominal consideration is in point: "After the injury was incurred the appellant was at full liberty to compromise the damages

with the appellee for any valuable consideration, however small; and if he chose to accept a less amount than that to which he might have been entitled in an action therefor, in the proper court, such settlement is nevertheless a full accord and satisfaction from which the courts can not relieve him." *Lease* v. *Pennsylvania Co.* (1894), 10 Ind. App. 47, 51. The converse of the proposition is true. If appellant made a contract favorable to appellee, it did so at its own option.

(3) "The court erred in refusing to submit interrogatory six to the jury." The interrogatory tendered was as follows: "Do you give plaintiff damages on account of the written contract set out in the first and second paragraphs of the complaint, or did you give him damages on the oral contract set forth in the third paragraph?" The interrogatory did not call for any fact provable within the issue. It was therefore correctly refused. *Salem-Bedford Stone Co.* v. *Hilt* (1901), 26 Ind. App. 543.

We do not find any error in the record.

The death of the appellee having been suggested, the judgment is affirmed as of the date of submission.