T.L.G., Appellant,

v.

R.J., Appellee.

No. 27A04–9612–JV–531.

Court of Appeals of Indiana.

July 23, 1997.

P. Robert Dawalt, Jr., Marion, for Appellant.

Joe Keith Lewis, Marion, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Intervenor-Appellant T.L.G. appeals the trial court's dismissal of her petition for pay-

ment of support in a paternity action filed against Respondent–Appellee R.J.

We affirm.

## ISSUE

T.L.G. raises one issue for our review: whether the trial court erred in dismissing the petition of a child to litigate issues determined in a prior paternity action in which the child was not named as a party.

## FACTS AND PROCEDURAL HISTORY

On July 3, 1991, T.L.G.'s mother, M.G., with the assistance of a IV–D Grant County deputy prosecutor, filed a petition to establish paternity and support. The petition named R.J. as T.L.G.'s father. An agreed finding on paternity was entered between M.G. and R.J., naming R.J. as T.L.G.'s father and establishing custody with M.G.. The agreed finding also stated that R.J. should pay child support in the amount of $60.00 per week, with payment to begin July 12, 1991. The trial court adopted the agreed findings in its paternity order.

A support arrearage accumulated in the amount of $2,175.00 as of August 7, 1992. This matter was reduced to judgment on September 11, 1992. On the same date, M.G. was ordered to pay support to T.L.G.'s maternal grandmother, J.C.

On December 9, 1994, R.J. filed a motion to emancipate T.L.G.. On January 20, 1995, T.L.G., J.C., and their attorney appeared at the hearing and entered into an agreement with R.J. to defer proceedings to allow time to investigate the propriety of paying certain medical expenses. (R. 60). The parties also agreed that the support arrearage as of the day of the hearing was $2,150.00. The parties further agreed that support should abate as of the date of the hearing. The trial court adopted the agreement and issued an order in accordance therewith.

On July 7, 1995, the wage assignment against R.J. was terminated because the support arrearage had been paid. On September

ber 27, 1995, however, T.L.G. filed a petition stating:

1) That the paternity was established in this court by agreement between [M.G.] and [R.J.] beginning in 1991. [M.G.] was awarded custody of the parties' child. (See [paternity docket number] ).

2) That the child was not a party to the proceedings. Nor was any guardian ad litem appointed for her.

3) That [R.J.] has been paying support on an irregular basis since the custody was established. [T.L.G.] is now emancipated, *but petitions this Court for an order of support from the period of her birth until she was declared to be the child of [R.J.] by the agreement of the parents.*[1]

4) That there is *an arrearage from 1991 until now which should be paid separately according to the Court's prior order.*

WHEREFORE, COMES NOW the child and petitions the Court to establish support of the parties' minor child from 1975 [date of birth] to 1991 [date of paternity agreement], for Attorney Fees, and for all other relief.

(R. 42). (Emphasis supplied).

R.J. filed a motion to dismiss alleging that T.L.G. should be estopped from raising the issues addressed in her petition. He later amended the motion and alleged that T.L.G.'s petition was barred by res judicata. After oral argument on the motions, the trial court granted R.J.'s motion to dismiss. T.L.G. now appeals.

## DISCUSSION AND DECISION

Ind.Code 31–6–6.1–2(c) designates the child as a necessary party to a paternity action. Failure to join the child in a paternity action renders the paternity order voidable, and the child is "free to litigate any issues with respect to the child's interests...." *K.S. v. R.S.,* 669 N.E.2d 399, 405 (Ind.1996). Thus, while the parties named in the prior action are prevented by the doctrine of res judicata from litigating issues previously decided, the child is not barred

---

1. Ind.Code 31–6–6.1–13(g) applied at the time of the filing of the petition. This subsection has since been redesignated as subsection (h). Un-

der both designations, the statute provided that "[t]he support order may include the period dating from the birth of the child."

from litigating her interests. *Id.* (citing *J.E. v. N.W.S., by S.L.S.,* 582 N.E.2d 829 (Ind.Ct. App.1991), *reh'g denied, trans. denied* ).

■ At first glance, it would appear that T.L.G. has the right to litigate the issue of support determined under the prior voidable paternity order. However, a voidable order may be ratified by the person who formerly had the right to challenge its effects. *See Lucas v. Estate of Stavos,* 609 N.E.2d 1114, 1117 (Ind.Ct.App.1993), *reh'g denied, trans. denied; Trook v. Lafayette Bank and Trust Co.,* 581 N.E.2d 941, 944 (Ind.Ct.App.1991), *trans. denied.* Typically, ratification is a question of fact and is defined as "the adoption of that which was done for and in the name of another without authority." *Beneficial Mortgage Co. of Indiana v. Powers,* 550 N.E.2d 793, 796 (Ind.Ct.App.1990), *reh'g denied, trans. denied* (quoting *State ex rel. Guaranty Building and Loan Co. v. Wiley,* 100 Ind.App. 438, 196 N.E. 153, 154 (1935)). Ratification is based on the existence of three essential elements: (1) an unauthorized act performed by an individual for and on behalf of another and not on account of the actor himself; (2) knowledge of all material facts by the person to be charged with said unauthorized act; and (3) acceptance of the benefits of said unauthorized act by the person to be charged with the same. *See Beneficial, id.*

■ In the present case, the prior paternity order provided that payment of child support begin in 1991. This payment continued throughout T.L.G.'s minority. On January 20, 1995, nineteen-year-old T.L.G., her grandmother, and their attorney agreed to the amount of support arrearage and to abatement of the support required by the prior order.[2] The petition currently under review followed approximately nine months later. On January 20, 1995, T.L.G. acknowledged the efficacy of the paternity order by reaching agreement on the enforcement and abatement of its terms. In the later petition, she based her claim for an alleged arrearage on the efficacy of the prior paternity determination and support order.

■ The three essentials of ratification are present. First, M.G. filed the paternity ac-

tion for the benefit of T.L.G., a filing rendered "unauthorized" by her failure to name T.L.G. as a party to the action. *See Kieler v. C.A.T. by Trammel,* 616 N.E.2d 34, 37 (Ind. Ct.App.1993), *reh'g denied, trans. denied* (holding that a child is the subject of a paternity action). Second, T.L.G. exhibited knowledge of the prior determination by (1) her reliance on and acknowledgment of the prior determination in the January, 1995 agreement; and (2) her reliance thereon as a basis for a portion of her subsequent petition. Third, T.L.G. accepted the benefits of the prior determination when, after attaining majority, she (1) agreed to the manner in which arrearage would be paid under the authority of the determination; and (2) she used the prior determination as a basis for her request for modification and claim for additional arrearage. The question of ratification in this case is not one of fact, but of law. We determine as a matter of law that reliance upon and acknowledgment of particular issues in a prior paternity determination constitutes ratification of those issues. After ratification, the validity of the trial court's prior determination on those issues cannot be questioned.

■ Furthermore, even if the trial court's dismissal was premature it was harmless. The issue was one of law and the result would be the same whether the dismissal was proper or not. *See Mathys v. City of Berne,* 501 N.E.2d 1142, 1144 (Ind.Ct.App.1986). We will not set aside a dismissal where no prejudice has occurred. *Wozniak v. Northern Indiana Public Service Co.,* 620 N.E.2d 33, 37 (Ind.Ct.App.1993), *reh'g denied, trans. denied.*

## CONCLUSION

The trial court's dismissal of T.L.G.'s petition is affirmed.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.

---

**2.** Abatement became effective on January 20, 1995, and was subject to further order of the

Court on issues of emancipation to be determined at a later date.